Case number 17-5074, Archpole, Inc. Appellant v. R. Alexander Acosta, at his official capacity as Secretary of Labor at Elle. Mr. Solomons for the Appellant, Mr. Aguilar for the Appellees. Mr. Solomons for the Appellant, Mr. Aguilar for the Appellees. Mr. Solomons for the Appellate, Mr. Aguilar for the Appellees. This case, in our view, is a case that involves the plain language of several statutes. The Court in National Mining Association read that plain language, and I think applied it correctly. The Court below did not read that plain language correctly and did not follow. There was a rulemaking in National Mining. There was no rulemaking here. That's correct, and that is the only distinction. Well, that's huge. Your Honor? You have a rulemaking there. I mean, you've got to understand that the starting point conceptually, at least for someone like me who's seen a million of these cases, is Standard Oil. And the notion there that pervades a ton of administrative law in this circuit is that when an agency is merely talking about potential enforcement actions, the courts are not involved. And this guidance was nothing but a guidance. It wasn't a rule. It was not a rule. There was no rulemaking. And National Mining involved a rulemaking, and the question was, who gets review over the rulemaking once it's done? That is not this case. Well, Your Honor? A guidance order is not a rule. It's not guidance. What the Department of Labor's bulletin does, what it does is it directs its staff to issue what is, in effect, a complaint. So let me just tell you where I'm coming from so you can understand, at least for one judge. This goes on all the time. There are millions of these things in these agencies where the commission or the director or the whomever says to enforcement folks, you know, let's do it this way, let's do it that way. And the challenge comes if and when they take enforcement action against parties like you, then you can claim, uh-uh, wrong party. And that's the exhaustion. There's no rule. They're not bound. They can change that direction any time they want. They are not bound by that. That's what a rule is. It binds the agency. It gives them no discretion. There was nothing here that said that's what they meant to do. Well, Your Honor, that's not what the Administrative Procedure Act says. The Administrative Procedure Act defines a rule, and the way it defines a rule fully encompasses this bulletin. The bulletin is not something which is a guidance document. It is not something I was, as a matter of fact, looking at it by contrast. I was looking at a case. I didn't cite it because it came out after briefing, but it kind of collects authority. Sierra Club versus EPA, 873F3rd. The thing is this is not a guidance document. This document instructs staff to name these parties, and by naming the parties that begins the process of adjudication of those claims. It is a big, big step which affects 50. . . Just like Standard Oil was a big, big step and the petitioning party there was furious that they were going to be made subject to an enforcement action, and they came charging into court and the Supreme Court said go away. This is merely the beginning of an enforcement action. You have no business being in court. Nothing's happened. And the fact that there are litigation costs that may be incurred is not enough to give you a presence in court at this moment. Your Honor, a lot has happened. We have been notified. We have, in effect, a complaint filed against us. As did Standard Oil. In 250 cases. The thing you're missing is it goes on all the time. The fact that there is a complaint issue or a charge or whatever, except in very rare circumstances where there may be a rule. There is no rule here. Well, I think what you have is an attempt by the Department of Labor to take something which clearly is a rule in their mind and call it something else and thereby hope that they're going to be able to get out of having to face up to it. They're not going to get out. They're not escaping. Oh, yeah, they will. If you follow the procedures, the exhaustion procedures, the challenge that you're now claiming can be properly raised. And, in fact, I think there was already one case where you did raise it properly. No, we didn't raise it. We haven't been able to raise it. We've got no discovery. We've never been given any discovery by the Department of Labor. Wait, wait, wait. I'm not talking about whether you're able to raise it in the form you would prefer to do it. You are absolutely allowed to raise this in the event, and I still think there is something in the record to indicate that this has come up, in one of the proceedings where if they file a charge against the company or the company entity you think is the wrong one, you can say, no, you cannot adjudicate this against us. That is a totally legitimate defense. You exhaust your procedures, and then you come to the Court of Appeals in the event that you lose. That's the way this happens. But, Your Honor, I don't think this follows the plain language of the statutes that are relevant here. And it's not the same statute. You're talking about the APA. I'm talking about the APA and the Longshore Act and the Black Longshore Act. And the meaning of rule. And the meaning of rule. There is so much case law on the meaning of what a rule is. I don't know what to tell you. I mean, it's just there are tons of law that's totally inconsistent with what you're saying. Mining is irrelevant because there was a rulemaking there. There was no question there was a rulemaking there. The agency meant to bind itself. It had no discretion. Under Bennett v. Speer, the test was met. The rights and legal obligations were all fixed and changed. That's not what happened here. Yes, it is. The agency bound itself. There isn't any – the agency can't change its mind. It absolutely can't change its mind. We can't ignore them. They can change their mind, just like in Standard Oil. Right, but this is the Longshore Act, not whatever it was that Standard Oil came under. Well, you need to read Standard Oil because it is seminally important. It is a Supreme Court statement about how we think about whether or not an action is ready to be heard by a court. It is seminally important. It pervades all of these areas, and this is not ready to be heard by a court. Well, I think that under the definition of rule in 5 U.S.C. 551-4, it says, the rule means – I don't have to read it to you, you know it better than I do – it encompasses this action by the department. The department couldn't do this as a rule, so what they did is they kind of cheated. They did it as a bulletin, and they couldn't do it as a rule because it is extremely retroactive. It has a significant retroactive effect, and even in NMA, that was one of the significant reasons why district court review rather than ALJ review was considered to be appropriate. Can I ask you a question? So if you're in one of these and you get one of these notices as a result of the bulletin from the district director, and you go before the ALJ, and let's say you ask for a discovery and the ALJ says no, but you argue, it's not us. It's not our liability. It's impermissibly retroactive. It's contrary to the statute. It's contrary to your past practices and precedent. You should be looking at Patriot. You make every argument you have, and you lose. And then it goes up before the commission, you lose again, and you come to court. Would you be able to make all those arguments in court? We should have been given discovery. The imposition of liability was wrong as a matter of fact and a matter of law. Well, you know, the thing is that I don't know what arguments we can make since the department has taken the position that we're not going to get any discovery in all this stuff. I'm going to ask my question again. Could you come to court, come here on review, and say the agency erred when it didn't give us discovery. It erred as a matter of law in imposing liability. It erred as a matter of law in not pursuing Patriot. And any factual or quasi-factual legal arguments you have, is there any reason you could not present those to a court of appeals? I think that we could present those to the court of appeals. But I don't think that under the statutory scheme that we have, that we are required to do that, that there is another option, which is a better one. Sure. I just want to make clear, though, that there wasn't anything I was not aware of that would prevent you from presenting those arguments here. Or you just prefer a different? Well, it's not that we prefer. ALJs don't disagree with the agencies on matters of policy. They never do. And so that's kind of a waste of time. The Benefits Review Board is basically in the same boat. And then, you know, you go up to, we have 50 companies, 8 courts of appeals. These cases that go all the way take 7 to 8 years or more to do. And so what we have here is a statutory scheme, it seems to me, that gives us an opportunity to get relief without having to have this fight with the agency, which is going to go on forever. And also, you know, even in NMA, I think it was recognized that, you know, whether you're going to get a fair adjudication is not an insignificant factor in the consideration of where the case is appropriately heard in the first instance. And the thing is that from everything that everybody has seen, and one of the companies has tried to go through this process and is getting absolutely nowhere, can't get discovery, can't get a witness. And the thing is that we're not going to get an adjudication from an ALJ. The thing is that what this comes down to, I think, is in all of the cases, the principle that is emphasized most is the intent of Congress as it's reflected in the language of the statute and it's reflected in the process. And the intent of Congress cannot be this, it seems to me. I mean, you can certainly make the argument that, you know, we could do it. You know, I could do it. You can do these things someplace else, maybe not as efficiently, maybe inefficiently. But the fact of the matter is that I think under the APA and under the Longshore Act, I mean, 33 U.S.C. 921E, which I recommend to you, talks about how you do that the limitation on, well, the exclusive remedy that is in the Longshore Act applies here, applies only to compensation orders. We don't have a compensation order here. What we got is a bulletin, which is a rule, which is producing all of the effects that rules produce. We have to hire counsel. We have to do all of those things that rules require you to do. But it's not a compensation order. And so that limitation, that strict limitation is very carefully aligned, I think, with the language of the APA, which clearly distinguishes between orders and rules and doesn't talk about regulations. It doesn't say regulations in the APA. Okay. Thank you. Oh, I'm sorry. We'll give you a couple of minutes on rebuttal. I'll come. May it please the Court. Daniel Aguilar from the Secretary of Labor and the Department of Labor. The district court correctly concluded that the Black Long Axe statutory review scheme bests exclusive judicial review in the regional courts of appeals. Arch Cole can raise all of its legal claims in the administrative proceedings, and indeed it has. And our motion for judicial notice of the documents that have been filed in ongoing agency proceedings, starting at page 46 through page 48, Arch essentially lists all of its claims. This is a filing before an administrative law judge arguing for a summary decision of the responsible operator issue. This is an appending case? This is an appending case. That's what I was talking about. Yes, exactly, Your Honor. That's why I was giving you the exact citations for it. Here Arch raises each of the claims that he raises in his complaint, that this is impermissibly retroactive, that it conflicts with other parts of the Black Long Axe, that it should not be liable, and that Patriot's Asset should be liquefied first. It is a claim that Arch should not be held liable. That is at the core of what the Black Long Axe administrative proceedings are supposed to determine, who should pay for benefits and whether or not the claimant is entitled to benefits. So in such a proceeding, they raise all their arguments. Does the ALJ, the board, or even the court on review have the capacity to say not just that they shouldn't be liable in that individual case, but that, hypothetically, this effort to make them responsible, show up and be responsible in all these cases, imposes a rule or a position, an enforcement position retroactively that is contrary to law for whatever reason? Sure. Would there be such an across-the-board ruling in one of these proceedings, or would they just have to get that same legal invalidation of their liability in every single case, one at a time? Sure. So the Benefits Review Board can and does issue precedential decisions that would be binding across all the ALJ decisions. Those can be appealed to the regional courts of appeals, so you could get judicial review at that level as well. Could the board essentially invalidate the bulletin and say that there was a wrongful, for whatever reason, just hypothetically, a wrongful imposition of retroactive liability? Sure. The board could say that, well, the department is relying on, you know, 725.594A4 to explain why ARCH is liable. That's an incorrect reading of the regulation for whatever reason. But that's, again, an issue for the Merits Review Board. It certainly can reach that determination. It has state and overall review over all legal issues as to the administrative law judges, as to the courts of appeal. And that just goes to show that ARCH can have meaningful review of its claims on the merits through this exclusive review scheme. That's the first of the three factors that the Supreme Court laid out in Thunder Basin and reiterated in Elgin, and this court applied in Jercasey v. SEC. The other two factors are, are ARCH's claims wholly collateral to these administrative proceedings, and can the agency bring its expertise to bear on it? So, as I explained, ARCH's claims aren't wholly collateral. It's a claim that we should not be liable. All the bulletin does is direct district directors to send ARCH a notice of claim that says, ARCH, you may be potentially liable to pay for benefits in these cases. You're now party to the proceedings. Let's begin. That's at the core of these proceedings. The third is agency expertise. As Judge Millett's question goes to show, the agency can bring its expertise to bear on it. It has expertise with respect to the Black Belonging Act statutes and the Department of Labor's regulations. And as a threshold matter, it may be determined in any of these cases that, well, in fact, ARCH isn't liable for a variety of reasons. The claimant is, in fact, not entitled to benefits. Or the claimant actually didn't work for ARCH for a year or more. Or the claimant actually worked for another operator after they worked for ARCH's subsidiary, some other factor. The interesting question here, which they're not really posing in these terms, is whether the bulletin is something that should have been adopted pursuant to rulemaking. That's really the interesting question. Because if it is a rule, it seems to me that ends the analysis. It's a rule that just gets enforced in the enforcement proceeding. That's why it was curious to me that they raised the question the way they did. In other words, you just said the ALJs and the Commission apply the rules that are in play. That is, the agency said, here are the rules that govern these proceedings. They don't go to the district court. They get played out, and then they go to the regional courts of appeals. The different question is whether they really meant to argue that they tried to adopt a rule without following rulemaking, and that's impermissible. What's your answer to that? That's a different question. I think their claim that it is a rule, and therefore it should go to the district court, at least for me, makes no sense. Because that's not what mining says. Because you all enforce rules all the time. So that's really, in my view, that's not an interesting claim. The interesting claim, which is maybe what they're trying to say, is you can't adopt this without going to notice and comment rulemaking. I agree it's a different question. I think the case that's closest on point to that and answers it in our favor is CSX Transportation versus the Surface Transportation Board. We cite that at pages 29 and 31 of our brief. And there it was a challenge to something that the Surface Transportation Board had done in an ongoing proceeding. It had issued an interlocutory order. And there the petitioners came to this court and said, that's a legislative rule that was promulgated without notice and comment. That's completely improper. We want to challenge it. And what this court said is, no, no, that's not a final order. You don't get to come to court and challenge that because that's an interlocutory order in the middle of these administrative proceedings. Yes, it may have some substantive effect on how these adjudications play out, but it would, quote, on this system for administrative adjudication and judicial review. Does CSX sound familiar? Yes, Your Honor. I was hoping it might ring a bell, but I didn't want to presume. I know you issue a lot of opinions. And what we were saying is that could be a claim at the end of the enforcement proceeding if it comes to the Court of Appeals. And the Court of Appeals would say, you know, they're right. This really was a rule, and it wasn't properly promulgated, and we're overturning. And they can receive meaningful judicial review of that in the course of appeals. And it aligns well with the Supreme Court's decision in FTC v. Standard Oil, which, as I view it, is on all fours with this case. It's about an administrative complaint that an agency files that then begins administrative proceedings, and the Supreme Court held that is, quote, different in kind from anything else that could be considered a final agency action that's reviewable under the APA. Well, what about their argument that they're being denied the discovery they need? For example, they want to probe what happened to Patriot Coal's pool of money and why they're not being held responsible. I think they say they want accounting. And other discovery has been denied. What basis is there for denying that discovery if your position is this should all be litigated in the first instance for the administrative agency? So just a couple of things first in answering your question. First is that although they allege that there ought to be an equitable accounting noticeably, they don't cite any statutes or regulations for that claim. The second thing is, as I understand it, they haven't sought discovery in some cases. I don't want to say conclusively across the board, but at least in a lot of cases before the district directors or in front of the administrative law judges. As I understand it, in some of the cases that are before the administrative law judges, ARCH hasn't even appeared before those hearings. But the third thing is, if they have been wrongfully denied any discovery about those issues, that's something that the ALJ can say, wait a minute, the district director didn't give discovery on this. That's an extraordinary circumstance. They should receive discovery. If for some reason an administrative law judge or the beneficiary review board doesn't agree with them on that point, a court of appeals could certainly say ARCH hasn't. I want to back up more structurally and go, can they before the district director, or if not, they're the ALJ, can they get discovery of something like, hey, what about Patriot Coal? We need to see what happened to their money. Or is that not going to be allowed because the district director is going to say, no, I got a bullet in here. It says it's you. The ALJ is going to say it's you. I'm not going to look into the finances of a bankrupt company over there. Is that something they can get discovery on? As I understand it, they can get discovery on that if it's the sort of claim where the agency can provide documents on those sort of things. As I understand it, it is possible for discovery to happen at the district director level. Can documents be sought from third parties if they needed to get information from Patriot Coal? That I'm not sure about, Your Honor. Okay. But it would be impermissible then if they sought this discovery before a district director or if it didn't work there before an ALJ to deny them discovery into other potentially liable companies, companies that they say, you're only looking to me because you say you can't, that well has run dry. Patriot's well has run dry. That's the only reason you're looking at us, and you're wrong. That well isn't dry. I'm not sure about the impermissible portion of it because I'm not sure about what harmless error rules specifically apply in the proceedings when discovery has been denied before a district director. Harmless error applies when there's been a mistake. If you don't have harmless error, it means there's been an error. So I'm asking you the upfront question of whether it is an error to deny discovery into an argument that says company X. What are you doing bypassing your last employer and coming back to me? The last employer had a pool of money. That's where you need to go. I'm sorry, Your Honor. I'm not sure about that. I don't know the standards of discovery before the district directors. I know that discovery is possible, but I'm not sure under what circumstances or the burden of proof that the person seeking discovery has to show for that. That's kind of important, right? That seems to be central to their – I mean, they have a legal argument about retroactivity, but they have this other argument going, what are you looking at us for? And we want an accounting. And if the system doesn't allow – structurally doesn't allow that claim to be addressed, wouldn't that be problematic? No, I don't think so. If I can explain why. Even assuming that the district court – sorry, the district directors deny discovery across the board, the OJC did as well, and as did the Benefits Review Board, that's still a claim that can be heard in the courts of appeals. And under Thunder Basin, the question is, can you receive meaningful judicial review for claims? Again, what you seem to be saying is we could fix that error here. And what I'm asking is maybe you would come to us and argue it's not an error, the system doesn't allow that type of probing of third parties. And that might be the case. Aren't you saying that in the disposition of this case, if we said it does, that's the end of the question? In other words, that party's claims about the need for discovery, we agree, it's there. It's something that they can properly raise. And if they're impermissibly denying it, that can come up in a challenge. That would end the question, right? That's correct, that it can be channeled to the courts of review. And if the agency – Well, again, I'm trying to make sure we wouldn't be committing some error of our own by saying that that type of discovery is available. That's what I'm asking you. In other words, is there something in the regs anywhere, either in the bulletin or in regs somewhere, that says they're not entitled to discovery? Now, I don't want to – we can't quibble, and it's going to be not important. It seems to me that any party who wants discovery always says they don't have enough. District court judges face that all the time. So I'm not talking about that question. Is there anything in the bulletin or in the agency's existing regs that say you can't have reasonable discovery? I am not aware of any such limitation. Is there anything that says you can have reasonable discovery in the regs? I am not aware of the regulation specific on that point. I've been informed that they could receive discovery on these issues before the district director. The question is discovery of what? I believe a discovery related to their claims generally. I'm sorry, I can't be more specific on this just because we haven't briefed this issue. Now, the bulletin does not foreclose it by insurance, right? No, the bulletin only instructs them to. It doesn't purport to foreclose it by insurance. It simply says in this kind of – is it a fixed – the bulletin doesn't purport to be a fixed ruling on who's liable, does it? No. All it does is instruct them to send a notice of claim saying you may potentially be liable. That's what the adjudication is to determine. All right.  Mr. Solomons, we'll give you two minutes. Judge Edwards, the first count in our complaint is that this should have been published as a rule, that it's in violation of the APA because it wasn't. Okay. That is there. That's fine. I'm not – that's fine. Thank you for reminding me. Okay. That is an interesting question. I think you've got problems, but that's fine. Well, I think that if you look at the definition of rule in WCA 554, this fits it. It's not guidance. It requires substantial action by lots of different people. And remember, this is not – unlike Zocal, unlike Cherkasy, it's not an SEC case. It's not an FTC case. It's a black lung case. You've got a third party there who has real needs to be taken care of, and the Labor Department is very concerned with that. So are we concerned with that. But to the extent that it's going to impair our ability to have a case on this issue, which we think should have been done in the rulemaking process as it was in NMA, and they couldn't do it in the rulemaking process because it's all retroactive. Nothing – this is all about financial stuff, and all of the financial transactions that are relevant here took place no later than 2006, and many of them earlier than that. So the Labor Department knows because you've already told them they can't do it in NMA. You can't write a rule that's retroactive. So they did this thing, which is a bullet, and they could have called it a puppy. It's still a rule. Okay. There's no need for debating the point. I hear what you're saying. Okay. Now, a couple of other points if I can make them. There's no discovery before the district director. That's not – that's hardly surprising. The question is whether once you're in an adjudication. Well, their view – the Labor Department has already argued in its briefs that if we don't supply – the only discovery we get is before the district director, and if we don't get the kind of discovery we're allowed, which is basically nothing, then we're not allowed to discover later about all of the issues. Do you have some rule that says you're denied discovery? I have – I can show you their briefs, Your Honor, and I will do that. Well, they cite a rule. Yeah, there is. Well, if there's an agency rule, you can send us an agency rule that says you're not allowed discovery, and that would cause us to think about the argument you're making. I wasn't aware there was any agency rule that says you're denied discovery. We wouldn't be here complaining about this if the opportunity – All I'm saying is if there's an agency rule that says a party in your position cannot get discovery, because otherwise, in writing these kinds of opinions, when we would address them, we would say, of course a party is entitled to fair process. And if that includes discovery in appropriate cases, we assume unless there's a rule to the contrary, they'd get it. That's what we would write. Unless there's a rule that says no. Okay. And what they do is they have a rule that says something, and then they have briefs that say it means that. We don't care about the briefs. In this case, all that matters is whether there's a rule. It's six of one half dozen of the other. They have a brief interpreting their regulation, I guess. That's their brief interpreting their regulation, which they're no doubt going to claim deference for someplace. The only place we are now is here. And so if you have a rule, don't tell me what's in somebody's brief. If you have a rule, give it to us, because I'd love to see it. Okay. The ALJs do what the Department of Labor's lawyers tell them. The Benefits Review Board cannot overturn a rule. They have never done it. I think the Third Circuit in one case said, well, they could theoretically, but it wouldn't matter because it couldn't be effectuated because the agency would take it up. The thing is what we're dealing with here is kind of a catch-22 situation. Well, you know, the rules that we're finding now, 20 CFR 725.455, parties may take depositions or interrogatories in the proceedings. Yeah, Your Honor, but there's another rule that says that if you want to contest responsibility, you've got to do it within 60 days before you know anything. Do you have it up there? Yeah. I mean, the thing is that people are pretty well schooled at how they're going to do this, and the thing is it's not fair. And which one? Okay. 725 for 20 CFR 725.408. Now, this is what we're allowed to do to respond to the notification that is required by the bulletin. This is like a complaint. If we don't answer it, we're defaulted. So it's not just a guidance document. So what does the rule say? Well, you're going to have to look through it for a second here. Okay, this is before the district director. An operator which receives notification under 725.407 and which fails to file a response within the time limit provided by that section shall not be allowed to contest its liability for the payment of benefits on any of the grounds set forth in the notice document. Within 90 days of the date on which it receives notification under 725.407, an operator may submit documentary evidence in support of its position. No documentary evidence. This is before the district director. Relevant to the grounds set forth in the determination may be admitted in any further proceeding. That would be before the ALJ, too, by the way. Unless it is submitted within the time limit set forth in the section, which is back here in the 90 days in a context in which we can't get discovery. I'll tell you what. How about the parties can submit to us letters citing whatever regulations they have or if you want to say their position in litigation in a brief with citations, what their position is as to the ability to obtain discovery, either before the district director or denied by the district director before the ALJ, on the type of liability issues you want to raise. That's fine. I would like to request that we do it serially since I have no idea what they're going to say. No, no. That's not how we do letter briefs like this after arguments. So you have your position on how it works and what documents you've seen, what regulations are important to you. They'll have theirs. And if we think we need more information, we'll let you know. Yeah, and keep in account what we said in Jharkhese, which you're entitled to a fair proceeding, and if the factual basis for the agency's record is not adequate, we send it back. That's the way it works, which means if you didn't get discovery you should have gotten, it will go back. I hope you're sitting by designation when we need to do that. All right. Thank you very much. The case is submitted.
judges: Millett, Wilkins, Edwards